RAYMOND NAKAI

and

CHARLEY TOLEDO

Plaintiffs-Appellants

vs.

PETER MacDONALD

and

WILSON C. SKEET

Defendants-Appellees

Decided on January 14, 1975

Harold E. Mott, Phoenix, Arizona, for Plaintiffs-Appellants

Calvin H. Udall, Fennemore, Craig, Von Ammon and Udall, Phoenix, Arizona, for Defendants-Appellees

Before KIRK, Chief Justice, BENNALLEY and LEUPP, Associate Justices

KIRK, Chief Justice

This is an appeal from an order of dismissal issued by the Board of Election Supervisors, an administrative agency of the Navajo Government, made after a hearing on December 17, 1974, in accordance with the Rules for Election Contests promulgated by the Board of Election Supervisors in compliance with Tribal Resolution CMY-60-66, now codified as Section 52, Title 11, Navajo Tribal Code (11 N.T.C.

§ 52).

The authority and power of the Court of Appeals in this matter is deprived from, and is limited by, the terms and conditions of Rule VIII for Appeals, Board of Election Supervisors' Rules for Election Contests. The rule provides:

> "RULE VIII Appeal. 1. A party who wishes to appeal from the decision of the Board of Election Supervisors must file an appeal with the Court of Appeals of the Navajo Nation within ten (10) days after the opinion is filed or the case dismissed.
>
> 2. On appeal, only the record of the hearing and the pleadings filed with the Board of Election Supervisors shall be considered. The decision of the Board shall be upheld unless the court finds that the substantial rights of the appealing party have been prejudiced because the administrative findings or conclusions are:
>
> (a) In violation of the Constitution of the United States of America; or
> (b) In violation of the Navajo Code; or
> (c) Unsupported by the evidence contained in the transcript on appeal." (Emphasis supplied)

The Board of Election Supervisors will be referred to herein as the "Board" and the parties involved will be referred to as "contestants" and "respondents" as they were referred to in the hearing before the Board.

Timely notice of appeal was filed with the Court. Copies of the record of the hearing before the Board, certified by Stephen C. Litwin of the firm of Bartell, King and Litwin, official court reporters, Phoenix, Arizona, and copies of the pleadings on file with the Board and the Board's findings and conclusions have been furnished the court

-108-

for its consideration, review and determination.

The rule quoted herein above makes it clear that this court can consider ONLY the pleadings and the record before the Board; further, the Court is REQUIRED to uphold the decision of the Board UNLESS the Court finds the appealing parties have been prejudiced because the findings or conclusions of the Board are (a) in violation of the Constitution of the United States of America, (b) in violation of the Navajo Code, or (c) unsupported by the evidence contained in the transcript on appeal.

The contestants have not pointed out or contended there was any violation of the Constitution of the United States or any violation of the Navajo Code. The sole question then presented on this appeal is:

> WERE THE FINDINGS OR CONCLUSIONS OF THE BOARD PREJUDICIAL TO THE SUBSTANTIVE RIGHTS OF THE CONTESTANTS IN THAT SAID FINDINGS OR CONCLUSIONS ARE NOT SUPPORT- ED BY THE EVIDENCE ADDUCED AT THE HEAR- ING?

The Court unanimously upheld the decision of the Board by its order of December 31, 1974, and answered the question in the negative. In support thereof the Court makes the following comments, findings of fact and conclusions of law.

On November 12, 1974, the Navajo Nation, pursuant to Navajo law, held a reservation-wide General Election for the office of Chairman and Vice Chairman of the Navajo Tribal Council, and for the

local offices of delegate to the seventy-four member Tribal Council.

At the election, respondents, Peter MacDonald and Wilson Skeet, running as a team for re-electon to their second consecutive four-year term as Chairman and Vice Chairman of the Navajo Tribal Council received 22,6628 votes. The contestants, Raymond Nakai and Charley Toledo, received 17,040 votes.

The election was conducted at 105 precincts on the reservation and the official canvass gave the team of Peter MacDonald and Wilson Skeet a plurality of 5,588 votes.

Immediately after the election, the contestants filed a pleading with the Board labeled "Complaint and Petition", alleging "that wide spread misconduct was exercised at a number of polling places in the Navajo General Election held November 12, 1974." They requested a hearing before the Board in order that they may offer evidence to support their allegations of irregularities and misconduct. The contestants asserted that such irregularities placed in doubt the fairness of said election and raised serious questions as to the outcome thereof.

Although the Complaint and Petition did not meet the requirements set forth in the Rules for Contested Election Proceedings, the Board waived the objections and permitted the hearing.

At the hearing, the contestants appeared in person and by and through their attorney, Harold E. Mott. Respondents did not

appear in person but appeared by and through their attorney, Calvin H. Udall. The entire Board was present and it was also represented by its counsels, George Vlassis and Perry Allen.

The contestants presented eleven (11) witnesses who testified under direct and cross-examination, and made an offer of proof of what one, Fannie Yazzie, would testify to, were she present.

True, the evidence disclosed there were irregularities and technical difficulties experienced at some of the polling places the day of the election, but there was no showing any fraud or intimidation, bribery or violence occurred, and in the absence of such proof, the validity of the election results showing a plurality for respondents of 5,588 votes, must be upheld. No single irregularity nor all the ir-regularities testified to combined would have been sufficient to alter significantly the plurality of votes for respondents.

Therefore, the substantial rights of the contestants could not have been, and were not, prejudiced by the administrative find ings or conclusions of the Board of Election Supervisors.

BENNALLEY, Associate Justice, and LEUPP, Associate Justice, concur.